## CIRCUIT COURT OF BALTIMORE CITY.

Filed December 9, 1919.

TERRENCE McMAHON
VS.
LEVI A. THOMPSON.

Argued before GORTER, DUFFY and BOND, JJ.

*Benjamin H. McKindless* and *Edward J. Colgan* for plaintiff.
*Roland R. Marchant, Augustus C. Binswanger* and *Simon E. Sobeloff* for defendant.

GORTER, J. (Orally)—

Gentlemen, it often happens when cases are brought before a court for trial that the public thinks that the judges have it in their discretion to dispose of the whole case. But that is not always so. The judges have to apply the law to the facts as they are offered at the trial and to reach the conclusions under the law.

I have no doubt with reference to this case, which is a case of considerable public interest, the idea would be that we have the power to decide what, to the public, would seem to be the main question; that is, whether or not Mr. Thompson is entitled to the office of Superintendent of Public Buildings. In this proceeding we are not able to decide that question, nor do we express any opinion upon that subject.

The effort in this case upon the part of the plaintiff, who is the assistant superintendent of public buildings for the city, is to restrain the defendant, who has been appointed by the Mayor superintendent of public buildings, from interfering with the assistant superintendent, or from, you might say, practically assuming the duties of the office of superintendent of public buildings of the city.

The law of Maryland is that an incumbent in office has a right to restrain in a court of equity one who seeks to take possession of that office. That is the law as laid down in 77th Maryland, County Commissioners of Washington County. That is, as I understand, what both sides concede to be the law of the State.

The plaintiff contends that this case comes under that case. The defendant, on the other hand, contends that it does not come under that case. The plaintiff contends that it comes under the case because Mr. McMahon, the plaintiff in this case, since the death of Mr. O'Conor, has discharged the duties of superintendent of public buildings, and, therefore, when Mr. Thompson comes, armed with the commission of the Mayor, and Mr. McMahon thinks that he is not legally appointed to that office, that he, Mr. McMahon, standing in Mr. O'Conor's shoes, is in a position to restrain Mr. Thompson from taking possession of the office, or discharging the duties of the office.

He goes a step farther. That even if Mr. McMahon is not standing in the shoes of Mr. O'Conor, still, as assistant superintendent, he claims that there would be confusion in the administration of the department if he had to obey one to whom he felt he was under no obligation, by reason of that person not being duly and legally qualified to hold office.

The contention, on the other hand, of the defendant is that he comes armed with the commission of the Mayor, that he has taken the oath of office, given bond, and qualified himself to administer the duties of the office, and that Mr. McMahon, not being the superintendent of public buildings, is not in a position to stand in his way, or to ask this court to restrain him from performing the duties of the office of Superintendent of Public Buildings.

We have given the case the most careful consideration, as careful consideration as we have been able to in the time that we have had, and we are all of the opinion that Mr. McMahon is not in a position to ask the court to restrain Mr. Thompson in this case.

Mr. McMahon does not succeed to the duties of Mr. O'Conor, and whether he is performing all of those duties, or whether he is performing part of the duties, or whether he is performing none of the duties, it seems to us, is beside the question. He is still only the assistant superintendent of public buildings and is in no better position to bring this action, except that he is in a little higher grade, than the others who are in the employ of the city under that department of the city. And, looking at the case, the sphere of Mr. McMahon's duties as assistant superintendent of public buildings does not at all necessarily conflict with or overlap the sphere of Mr. Thompson's duties as superintendent of public buildings.

The evidence in the case shows that Mr. Thompson has done nothing to interfere with the carrying out of the duties of the office of Mr. McMahon. He has offered no threat of removal, and we are of the opinion that he is not in a position to interfere with Mr. Thompson in taking up the duties of the office.

We say this without at all expressing any opinion as to whether or not Mr. Thompson is legally entitled to that office. We think in this case that we have not the right to go into that question. There are other ways to test his title that have been suggested, and we believe that those ways exist. Probably, if there was any effort upon the part of Mr. Thompson to remove Mr. McMahon, he would then have rights which he might assert in one way or another. Also, if Mr. Thompson is not duly appointed, probably, any taxpayer of the city could object to his salary being paid.

But, in this application by Mr. McMahon to restrain Mr. Thompson, we are all of the opinion that under the evidence in this case Mr. McMahon has no standing to ask the court to restrain Mr. Thompson from assuming and performing the duties of superintendent of public buildings, and, therefore, the bill will be dismissed.

I want to say one thing more. That it is a natural feeling with me, and I suppose with other judges, that when we have a case we would like to finally dispose of everything that is involved in that case. We think we are not able to reach what is the main question. But sometimes it happens that if matters are left to the judgment and sense of right of those who are interested in the controversy, a wiser solution may be reached than if the court passes upon the case by administering the law applicable thereto.

Gentlemen, I have given you as nearly as I can, the reasons that have actuated us in reaching our conclusions.